# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Rene Velasquez,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-16-01278-PHX-SPL (JZB)<br><br>**REPORT AND RECOMENDATION** |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:

Petitioner Michael Rene Velasquez has filed a pro se Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 12.)

**I.  SUMMARY OF CONCLUSION**

Petitioner was sentenced pursuant to a guilty plea on November 30, 2011. He argues that he mailed a timely PCR notice in January of 2012, but it was not received and filed. Petitioner contacted the superior court in March of 2013 and was notified his PCR notice had not been filed. Petitioner waited an additional 30 months after this notice to resend the PCR notice in September 2015.  The Court does not find Petitioner exercised "reasonable diligence" by waiting for 30 months to resend his PCR notice because he did not diligently pursue his claims. The Petition was due March 5, 2013, but was not mailed until April 25, 2016. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice as untimely.

## II. BACKGROUND

### a. Facts and Proceedings

The Presentence Report includes a summary of the underlying facts of Petitioner's offense:

> On August 21, 2010, at approximately 4:43 a.m., police responded to a check welfare call regarding a subject in the alley[.] Upon arrival, officers located [the victim], who was lying on his back and unresponsive. He was transported to Good Samaritan Hospital where he was pronounced deceased at approximately 5:23 a.m. An autopsy conducted on August 28, 2010, found [the victim] had sustained a fractured skull, cracked ribs, a broken pelvis, and internal injuries to major organs. The cause of death was determined to be blunt force trauma consistent with a fall.
>
> The investigation that ensured revealed that [Petitioner] and two friends had driven to Phoenix, Arizona from New Mexico, and all three had stayed at the Hyatt Hotel in Phoenix. On August 20, 2010, they had gone to a nightclub where they met the victim. In the early hours of August 21, 2010, all four shared a cab to the hotel. [Petitioner] and his friends returned to the hotel, and the victim left. Upon returning to his room, [Petitioner] discovered he was missing $60.00, and he believed the victim was responsible for stealing it. He then contacted the victim and made arrangements to meet.
>
> Upon meeting, [Petitioner] and [the victim] went to the fourth floor of the parking garage. They argued and, when [the victim] tried to run away, [Petitioner] chased after him and caught him when they reached the third floor. [Petitioner] then picked [the victim] up and threw him over the side of the garage.
>
> [Petitioner] and his two friends, to include Edward Lucero, returned to New Mexico the next day. When questioned, Mr. Lucero said he witnessed [Petitioner] push the victim over the side of the retaining wall and, when [Lucero] went to call 911, [Petitioner] took [Lucero's] phone from him and told him not to call anyone or the same thing would happen to him. When questioned by police, [Petitioner] admitted involvement, but maintained he acted out of anger and never meant to kill the victim.

(Doc. 35-1, Ex. I, at 35.)

### b. Plea and Sentencing

On September 19, 2011, Petitioner pleaded guilty to one count of second degree murder. (Doc. 35-1, Ex. F, at 22.) On November 30, 2011, the trial court sentenced Petitioner to a term of 18 years imprisonment. (Doc. 35-1, Ex. J, at 41.)

### c. Post-Conviction Relief Proceedings

#### i. Trial Court

On September 4, 2015, Petitioner mailed a notice of post-conviction relief. (Doc. 35-1, Ex. M, at 54.) On September 11, 2015, the notice of post-conviction relief was filed in the Maricopa County Superior Court. (Doc. 35-1, Ex. M, at 50.)[1] On November 18, 2015, the superior court dismissed the Rule 32 proceeding as untimely. (Doc. 35-1, Ex. Q, at 63.) The court found the proceeding was untimely and that Petitioner failed to "adequately explain why the claims are untimely." (*Id*. at 64.)

On January 6, 2016, Petitioner filed a motion for reconsideration. (Doc. 35-1, Ex. T, at 70.) Petitioner stated that he contacted the trial court in March of 2013 and was notified his PCR notice had not been filed. (*Id*. at 71.) On January 26, 2016, the court denied the motion finding that Petitioner "provides no explanation for his failure to bring this matter to the Court's attention between March 2013 and September 2015." (Doc. 35-1, Ex. U, at 77.)

#### ii. Arizona Court of Appeals

On March 3, 2016, Petitioner filed a petition for review in the Arizona Court of Appeals. (Doc. 35-1, Ex. V, at 80.) On March 16, 2016, the court dismissed the motion as untimely. The Court wrote:

> A review of the record in this matter indicates that the trial court dismissed the petition for post-conviction relief on January 29, 2016, and the petition for review was not filed until March 14, 2016. The petition for review was not filed within 30 days of the trial court's final decision disposing of the petition for post-conviction relief proceedings. *See* Ariz. R. Crim. P. 32.9(c). A petitioner who seeks appellate court review of the actions of the trial court must file a petition within 30 days after the final decision of the trial court. Whether petitioner was without fault for the untimely filing is a question of fact. The trial court may, "after being presented with proper evidence, allow a late filing" if it finds that petitioner

---

[1] Petitioner's PCR notice was signed on January 19, 2012. (Doc. 35-1, Ex. M, at 53.) A notary public affirmation is also signed January 19, 2012. (*Id*.) In his PCR notice, Petitioner avows he mailed the document on January 19, 2012. (*Id*.) The record reflects that this PCR document was not received or filed. (Doc. 35-1, Ex. V, at 86.)

- 3 -

was not responsible for the untimely filing. *See State v. Pope*, 130 Ariz. 253, 255, 635 P.2d 846, 848 (1981). Because the petition for review in this matter was untimely,
IT IS ORDERED dismissing this matter.

(Doc. 35-1, Ex. X, at 97.)

### d. Petitioner's Habeas Petition

On April 25, 2016, Petitioner mailed a Petition for Writ of Habeas Corpus. (Doc. 1.) On June 20, 2016, Petitioner filed an Amended Petition. (Doc. 12.) "Petitioner raises two grounds for relief. In Ground One, Petitioner alleges that he received the ineffective assistance of trial counsel. In Ground Two, Petitioner alleges that he is not at fault for the untimely filing of his post-conviction petition." (Doc. 15 at 2.)

On May 11, 2017, Respondents filed a Response. (Doc. 35.) On June 5, 2017, the Court granted Petitioner an extension to July 27, 2017 to file a Reply. (Doc. 37.) Petitioner did not file a Reply.

## III. DISCUSSION

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United Sates. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. Whether a petition is barred by the statute of limitations is a threshold issue that must be resolved before considering other procedural issues or the merits of individual claims.

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner pleaded guilty, so his first PCR proceedings were equivalent to direct review. *Summers v. Schiro*, 481 F.3d 710, 716-17 (9th Cir. 2007) ("Because a Rule 32 of-right proceeding is a form of direct review, AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such

proceeding or review."). "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R. Crim. P. 32.4(a)). Petitioner was afforded five additional days under Ariz. R. Crim. P. 1.3(a).

Petitioner was sentenced on November 30, 2011. (Doc. 35-1, Ex. J, at 41.) On September 11, 2015, Petitioner's notice of post-conviction relief was filed in the Maricopa County Superior Court. (Doc. 35-1, Ex. M, at 50.) Petitioner did not bring a Rule 32 proceeding within the time permitted, which is why it was dismissed as untimely by the trial court. Accordingly, his time for direct review expired 95 days after sentencing. He was sentenced on November 30, 2011, and thus his time for such review expired on March 4, 2012. His one-year habeas statute of limitations began running thereafter, on March 5, 2012, and expired one year later, on March 5, 2013. Therefore, the habeas Petition was due on or before March 5, 2013, absent statutory or equitable tolling. The Petition was not filed until April 25, 2016. (Doc. 1.)

### i. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In Arizona, post-conviction review is pending once a PCR notice is filed. *See Isley v. Arizona Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred.").

But a state PCR petition that is not filed within the state's required time limit is not "properly filed," and, therefore, a petitioner is not entitled to statutory tolling during those proceedings. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (finding that inmate's untimely

state post-conviction petition was not "properly filed" under the AEDPA's tolling provision).

Here, Petitioner did not properly file PCR proceedings. Accordingly, Petitioner is not entitled to statutory tolling.

### ii. Equitable Tolling

Petitioner is not entitled to equitable tolling because he has not shown extraordinary circumstances and that he diligently pursued his claims. "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). Petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

Here, Petitioner cannot establish that he diligently pursued his rights. "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 653 (citations omitted). Reasonable diligence requires only "the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011). The Court is guided by "decisions made in other similar cases . . . with awareness of the fact

that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 560 U.S. at 650. *See also Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016) (collecting cases).

Petitioner argues that he mailed the PCR notice on January 19, 2012. (Doc. 35-1, Ex. M, at 54.) But assuming Petitioner's statement is true, the record reflects he did not re-send the PCR notice until September 4, 2015. Thus, 43 months elapsed between the mailing of his first PCR notice and the second mailing of the same PCR notice. Also, Petitioner stated, in a motion to reconsider the PCR dismissal, that he wrote the "Clerk of the Superior Court, Michael K. Jeans and ask[ed] for a criminal case-docket display to investigate if my Rule 32 was filed." (Doc. 35-1, Ex. T, at 71.) Petitioner states that on "March 14, 2013, I received the criminal case-docket from the clerk of the superior court and nothing was filed from January 9-19, 2012." (*Id.*) Petitioner was on notice on March 14, 2013, that his PCR notice had not been filed. Yet Petitioner waited until September 4, 2015 to resend his PCR notice. The Court finds that Petitioner did not exercise "reasonable diligence" by waiting for 30 months to resend his PCR notice. Unlike other defendants who may have been waiting for court information[2], Petitioner knew that his first PCR notice had not been filed. Petitioner did not diligently pursue his rights and has not proven he is entitled to equitable tolling. Petitioner has not argued or proven that he is entitled to the actual-innocence exception to the statute of limitations.

## IV. CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are untimely. The Court will recommend that the Amended Petition for Writ of Habeas Corpus (doc. 12) be denied and dismissed with prejudice.

---

[2] *See Huizar v. Carey*, 273 F.3d 1220 (9th Cir. 2001) (finding Huizer might be entitled to equitable tolling based on 21-month mailing/filing delay because he was waiting for court notification).

**IT IS THEREFORE RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2244 (doc. 12) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 25th day of September, 2017.

Honorable John Z. Boyle
United States Magistrate Judge