IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Rene Velasquez,<br><br>        Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>        Respondents. | No. CV-16-01278-PHX-SPL<br><br>**ORDER** |

      The Court has before it Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 12), and Respondents' Answer. (Doc. 35.) We also have before us the Report and Recommendation (R&R) of United States Magistrate Judge John Z. Boyle (Doc. 38), recommending denial of the Petition, Petitioner's Objections (Doc. 39), and the Respondents' Response to the Petitioner's Objections to the Report and Recommendation. (Doc. 40.) Upon review of the R&R and the parties' submissions, the Court will adopt in whole Judge Boyle's recommendations and the underlying reasoning.

      The Petitioner raises 2 grounds for relief in his Petition for Writ of Habeas Corpus. In *Ground 1*, the Petitioner argues ineffective assistance of counsel because he believes he was coerced by detectives to admit guilt. (Doc. 12.) In *Ground 2*, the Petitioner argues mitigating circumstances and that he filed a timely notice of post-conviction relief. (*Id*.)

      Judge Boyle concluded the Petitioner's claims are untimely. (Doc. 38 at 1-8.) Additionally, the magistrate judge further concluded that the Petitioner did not exercise

"reasonable diligence" by waiting an additional 30 months after he received notice to resend the PCR notice. (*Id*.)

In his Objections to the Report and Recommendation, Petitioner has failed to point out specific objections to Judge Boyle's findings and recommendations in the R&R. (Doc. 39 at 1-3.) The Petitioner has repeated the same arguments from his initial Habeas Petition. (Doc. 12.)

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has nonetheless undertaken an extensive review of the sufficiently developed record and the deficient objections to the findings and recommendations in the very detailed R&R, without the need for an evidentiary hearing. After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Boyle. Specifically, the Court finds the Petitioner was sentenced years prior to the filing of his Petition and no grounds exist that would entitle the Petitioner to equitable tolling. (Doc. 35-1, Ex. F, G, J, M, O, and W.) Additionally, the Court finds the claims of the Petitioner are untimely and that no extraordinary circumstances prevented him from filing his claims. Furthermore, the Court finds he is not entitled to equitable tolling.

Having carefully reviewed the record, the Petitioner has not shown that he is entitled to habeas relief. Finding none of Petitioner's objections have merit, the R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 38) is **accepted** and **adopted** by the Court;

2. That the Petitioner's Objections (Doc. 39) are **overruled**;

3. That the Amended Petition for Writ of Habeas Corpus (Doc. 12) is **denied** and this action is **dismissed with prejudice**;

4. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

5. That the Clerk of Court shall **terminate** this action.

Dated this 31st day of October, 2017.

Honorable Steven P. Logan
United States District Judge